## ELECTRICAL PRODUCTS CORPORATION v. SECOND JUDICIAL DISTRICT COURT, IN AND FOR WASHOE COUNTY ET AL.

No. 3018

July 5, 1933.                    23 P. (2d) 501.

*J. W. Dignan* and *J. T. Rutherford,* for Petitioner.

*Sardis Summerfield,* for Respondents.

## OPINION

By the Court, DUCKER, J.:

In compliance with a writ of certiorari issued upon the petition of the Electrical Products Corporation, a corporation, the record in the above - entitled district court, in the case of A. A. Heglan, Plaintiff, v. J. W. Beck et al., Defendants, has been certified to this court.

It appears from the petition and return that the complaint in the action in the lower court was filed therein and summons issued thereon on November 16, 1932. It was alleged in said complaint that there was then due, owing, and unpaid from said defendant J. W. Beck to said plaintiff, A. A. Heglan, the sum of $550, as wages for work and labor performed by said plaintiff at the special instance and request of defendant. On November 25, 1932, the plaintiff filed an amended complaint and thereafter dismissed the action against all of the defendants except J. W. Beck.

On the 28th of November 1932, on application of plaintiff, a receiver was appointed by the order of the court to take charge of and control the assets and business of the defendant Beck. The receiver duly qualified as such and took into his possession all of the property, business, and assets of said Beck. On December 16, 1932, plaintiff filed his affidavit for service of summons on defendant Beck by publication. Thereafter on said date the court ordered that summons be served upon said Beck by publication and by deposit of the summons and certified copy of the complaint in the post office directed to said Beck at his place of residence. By virtue of proceedings had in such receivership, all of the property and assets of said Beck were reduced to cash by sale. The receiver filed his final report and account of his receivership, praying that the same be approved, settled, and allowed, and that the balance of the assets in hand consisting of cash be distributed to certain creditors of the said defendant J. W. Beck. Petitioner filed written objections to said report and account. Thereafter, on the 23d day of March 1933, the said court made and entered its final order and judgment in said receivership proceedings approving said report and ordering that the remaining funds in the hands of the receiver be paid out and disbursed in the manner specified in the order, and that thereupon the said receiver be discharged and his bondsmen released. On the 24th of March 1933, the petitioner appeared in said district court, and by its counsel moved the court for an order setting aside and vacating all proceedings in said district court upon the grounds and for the reason that the said court was without power or authority to take any proceedings on, give or make any orders in said cause after the filing of the complaint and the issuance of summons therein until jurisdiction of the person of said defendant Beck had been acquired by personal service of summons upon said defendant or the court had acquired jurisdiction of the property of said defendant by attachment or otherwise. After presentation and argument of said motion to said district court,

the same was thereupon overruled and denied, to which ruling petitioner excepted.

The petition alleges that at all times mentioned herein petitioner was and now is a bona fide creditor of said Beck, and is wholly without any remedy at law.

Upon the hearing in this court, respondent filed and argued a demurrer to the petition.

Two questions are presented for consideration. Is the petitioner a person entitled to invoke the remedy of certiorari, and was the lower court without jurisdiction to proceed as it did? We think both questions must be answered in the affirmative.

Under our statute, a party beneficially interested may sue out the writ. In this respect the statute reads: "The application shall be made on affidavit by the party beneficially interested. * * *" Section 9232 N. C. L.

1-3. The word "party" in the statute is not to be restricted in meaning to one who was an original party or made a party by order of court. The writ has been awarded to persons in causes not litigated inter partes where it was apparent that they had rights which were adversely affected by the proceedings. A correct rule of interpretation is, we think, stated in Starkweather v. Seeley, 45 Barb. (N. Y.) 164. The court said: "I think the true test as to the right of review is, was the person seeking to review, a party in form or in substance to the proceeding sought to be reviewed so as to be concluded by the determination thereon?"

4, 5. In 11 C. J. at page 135 the rule stated above is said to be "the rule prevailing in most jurisdictions, and which is generally recognized." See cases cited in note 2 to the text. 2 Spelling on Extraordinary Relief, p. 1620. Of course, under our statute one not beneficially interested could not sue out the writ, even though he were a party. It appears from the petition that petitioner is a creditor of the defendant Beck and injuriously affected by the proceedings; that he appeared in the lower court and moved to vacate the proceedings. The petition shows, therefore, that he was a party beneficially interested and entitled to prosecute the writ.

It clearly appears from the petition and return that after the action was commenced the trial court acquired no jurisdiction to proceed as shown by the return. No appearance was entered by any of the defendants named in the original complaint or by the defendant named in the amended complaint. There was no service of summons personally or constructively to bring any of the defendants within the jurisdiction of the court.

6, 7. After the order was made by the court for service of summons by publication and deposit in the post office, no steps were taken to serve the defendant Beck by this method. The property of defendant Beck was not seized under process attachment to create a lien upon his property. The appointment of the receiver did not give the court jurisdiction of the res. It is not a case in which the court had jurisdiction to appoint a receiver at all. The plaintiff is a mere contract creditor and the defendant an individual debtor. The former has not reduced his claim to a judgment, nor has he any right or interest in or lien upon the specific property of the latter. The plaintiff therefore had no standing to obtain the appointment of a receiver for the defendant's property. Davis v. Hayden (C. C. A), 238 F. 734, 738; State ex rel. Lebanon Discount Corporation v. Superior Court of Marion County et al., 195 Ind. 174, 144 N. E. 747; First Nat. Bank of Medford, Or., v. Stewart Fruit Co. (D. C.), 17 F. (2d) 621; 53 C. J. 30; 1 Tardy's Smith on Receivers (2d Ed.), sec. 272. The lower court said in Davis v. Hayden, supra: " * * * We take it to be an established principle of jurisprudence that a court of equity is without power, in the absence of statutory authority, to appoint a receiver of the assets of an individual debtor, or to enjoin the prosecution of claims against him, at the suit of a mere contract creditor who has no lien or other security, and who asserts no right to subject any specific property to the payment of his debt."

This is a clear statement of the general rule, applicable to the facts involved in this case. It was pointed

out in State v. Superior Court of Marion County, supra, that such was the rule at common law.

There has been no statutory change in this state to authorize the appointment of a receiver for the property of an individual debtor on application of a mere contract creditor. That part of paragraph 1 of section 8749 of N. C. L. providing for the appointment of a receiver in an action by "a creditor to subject any property or fund to his claim" does not work such a change. French Bank Case, 53 Cal. 495–552; In re Richardson's Estate (D. C.), 294 F. 349–357.

As the lower court was without jurisdiction of the person or property of the defendant Beck, the proceedings under review should be annulled.

It is so ordered, and the same are hereby set aside.

It is further ordered that petitioner have judgment for its costs herein.