STERLING BUILDERS, INC., a Nevada Corporation, Appellant, *v.* R. B. FUHRMAN, Respondent.

No. 4764

December 3, 1964

396 P.2d 850

*Breen, McDonald & Young,* and *Jerry Carr Whitehead,* of Reno, for Appellant.

*Cooke & Roberts,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Fuhrman, manager of the Northern Nevada Board of Trade, sued Sterling Builders, Inc., a Nevada corporation, and Hyrum K. Ford (which latter defendant is not involved in this appeal), as co-partners doing business as Sterling Village Market, on some 34 assigned claims against the Market. The assigned claims of the various creditors amount to a total of $21,435.84. Sterling Builders, Inc., in its answer (1) denies that it was a partner of defendant Ford in said Sterling Village Market, and alleges that it was merely a creditor; and (2) that by reason of Fuhrman's participation in the receivership proceeding, his failure to set forth the claim that the defendant was a partner and not a creditor, Fuhrman as assignee is now estopped to contend otherwise, and that in any event, plaintiff's assignors having received pro rata payments through a receivership of Sterling Village Market cannot now recover for any balance due. The following appears from the findings contained in the lower court's written opinion:

"On July 22, 1956, Hyrum K. Ford and Sterling Builders, Inc. entered into an agreement 'for the purpose of setting up for operation a grocery and meat market to be known as the "Sterling Village Market", in Reno, Nevada, at 505 Denslow Drive.' Generally, the agreement provided that Sterling Builders, Inc., would loan cash and use its credit to equip a grocery and meat market on the premises owned by Sterling Builders, Inc. Pursuant thereto, Sterling Builders, Inc. loaned money to Sterling Village Market for which a promissory note in the amount of Twenty Thousand Seven Hundred and 20/100 Dollars ($20,700.20) payable in one (1) year was executed. No payments of principal or interest were made on this note which was renewed from year to year and rent was paid sporadically. The market apparently

lost money for a number of reasons and what started out as a promising business venture turned into a not uncommon business failure."

The trial judge's opinion shows that defendant argued to the trial court, as it argues as appellant here:

"[T]hat the relationship between it and Hyrum K. Ford was not that of a joint venture or partnership, but that the essential arrangement between the parties was that of debtor and creditor and landlord and tenant, despite the fact that the agreement of July 22, 1956, was entitled 'Agreement for Joint Venture'; despite the fact that the defendants on December 4, 1956, filed a certificate of fictitious name showing both to be members of Sterling Village Market; despite evidence of Sterling Builders, Inc. being an owner on the liquor license of Sterling Village Market; despite the fact that defendant jointly executed the promissory note to Sterling Builders, Inc. (Exhibit 1) ; despite the fact that a lease was obtained by Sterling Village Market and executed by defendants herein who were termed 'a joint venture'; despite testimony and an exhibit (plaintiff's I) which indicated that defendants were particularly described as a joint venture and, finally, despite the fact that the complaint filed on September 20, 1960, being action No. 188,238 made numerous allusions to the character of the business which had been and was then being conducted as a joint venture and likewise that subsequent orders referred to the business arrangement as a joint venture."

The entire file of the receivership proceeding was introduced in evidence. In that proceeding Sterling Builders, Inc., commenced an action against Hyrum K. Ford and alleged that plaintiff and defendant "entered into a written Agreement For Joint Venture, *for the purpose of operating a grocery and meat market* to be known as the Sterling Village Market * * *," and attached a copy of the written agreement. Sterling Builders, Inc., further alleged in such complaint that plaintiff and defendant "entered upon, and have ever since *continued to carry on,* the business of said joint venture (emphasis supplied), and no other articles or

instruments have ever been executed between them."[1] Sterling Builders, Inc., further alleged that under the agreement Ford was to manage the market, and use reasonable skill; that he failed properly to manage the market, had not used reasonable skill, or any skill, and as the result the joint venture business sustained continued losses; that there was due to trade creditors approximately $70,000, and in addition that there was due from the joint venture to the plaintiff as rental over $20,000, in part represented by a promissory note; that the assets of the joint venture did not exceed $55,000, and that the defendant has failed and refused to contribute his one-half share of the losses already sustained; that plaintiff was solvent and defendant insolvent; that Sterling Builders, Inc., had received an offer for the purchase of the Market in the sum of $21,500, plus inventory, and believed that such offer should be accepted, but that defendant refused to sell. Sterling Builders, Inc., asked a receiver to be appointed, and that Stephen J. Sideck, the broker who arranged the prospective sale, was qualified and experienced and should be appointed forthwith as receiver.

The trial court found that Sterling Builders, Inc., and Ford were co-partners, granted Sterling's prayer for the appointment of receiver, confirmed the receiver's sale, allowed fees to the receiver and his attorney and discharged the receiver. So much for the receivership proceeding, except to note that one of the present firm of attorneys for appellant was the attorney for appellant Sterling Builders, Inc., as the plaintiff who sought the appointment of a receiver. They were also attorneys for the receiver in that proceeding.

In this court appellant maintains that, despite the facts found by the trial court as above recited, Sterling Builders, Inc., and Ford were never either partners or joint adventurers doing business as Sterling Market, and

[1]In view of this, we summarily dismiss appellant's argument that the joint venture was merely to "set up" the said business, and ceased to operate as soon as the business was "set up," whereupon appellant became merely a creditor and not a partner or joint adventurer.

that the relationship of Sterling Builders, Inc., to Sterling Market was simply that of creditor and debtor. Appellant insists that as Sterling Builders, Inc., was a creditor of Sterling Market, it could not have been a partner in said Sterling Market with Ford. We dispose of this without more ado. There is no legal reason why a partnership cannot be indebted to one of the partners.

The dividend paid to creditors by the receiver amounted to about $.37 on the dollar. Appellant asserts that because Sterling Builders, Inc., participated in this dividend, its status is forever fixed as a creditor and not as a partner. This, because under the general law of partnerships as reflected by the laws of this state (NRS 87.400), a partner is not entitled to share in the assets of the partnership until the general creditors have been paid. Apparently this situation was never brought to the attention of the court by the receiver or his attorneys, and no logical reason appears for additionally penalizing the general creditors and rewarding Sterling Builders, Inc., because Sterling Builders, Inc., had inadvertently been granted an advantage to which it was not entitled.

The main holding of the court below was (1) that a partnership existed; (2) that appellant was equitably estopped by the recited facts from claiming that a partnership did not exist; and (3) that it was judicially estopped by its participation in the receivership proceedings from asserting in defense of the present action that a partnership did not exist.[2]

As to the equitable estoppel, appellant contends that the various acts as recited by the trial court indicating that appellant was a partner were not acted upon by any of the creditors to their prejudice, and that such actions or change of position in reliance thereon is necessary to create an equitable estoppel. This too does not require a determination in this case, as we are satisfied that in

[2]The briefs contain considerable discussion of the distinction between a joint venture and a partnership. We need not pursue this. In Botsford v. Van Riper, 33 Nev. 156, 196, 110 P. 705, 712, this court held, citing numerous authorities: "The rules and principles of the doctrine of partnership apply generally to the relation of joint adventure."

any event a judicial estoppel did exist against the assertion in this case that Sterling Builders, Inc., was not a partner.

In seeking the appointment of a receiver to take charge of the partnership assets of Sterling Market to the end that such assets might be sold and the proceeds devoted to the payment of creditors, Sterling Builders, Inc., was compelled to rely, and did rely, upon the contention that it and Ford were co-partners. This it did by filing its complaint verified by its president. In Electrical Products Corp. v. District Court, 55 Nev. 8, 23 P.2d 501, a writ of certiorari was granted and the appointment of a receiver of the defendant's property was set aside. This court there said:

"The property of defendant Beck was not seized under process attachment to create a lien upon his property. The appointment of the receiver did not give the court jurisdiction of the res. It is not a case in which the court had jurisdiction to appoint a receiver at all. The plaintiff is a mere contract creditor and the defendant an individual debtor. The former has not reduced his claim to a judgment, nor has he any right or interest in or lien upon the specific property of the latter. The plaintiff therefore had no standing to obtain the appointment of a receiver for the defendant's property. * * * (citing authorities). The lower court said in Davis v. Hayden, supra: '* * * We take it to be an established principle of jurisprudence that a court of equity is without power, in the absence of statutory authority, to appoint a receiver of the assets of an individual debtor, or to enjoin the prosecution of claims against him, at the suit of a mere contract creditor who has no lien or other security, and who asserts no right to subject any specific property to the payment of his debt.'

"This is a clear statement of the general rule, applicable to the facts involved in this case. It was pointed out in State v. Superior Court of Marion County, supra, that such was the rule at common law.

"There has been no statutory change in this state to authorize the appointment of a receiver for the property of an individual debtor on application of a mere contract

creditor. That part of paragraph 1 of section 8749 of N.C.L., providing for the appointment of a receiver in an action by 'a creditor to subject any property or fund to his claim' does not work such a change. French Bank Case, 53 Cal. 495–552; In re Richardson's Estate (D.C.), 294 F. 349–357." Accord, Davis v. Hayden, 238 F. 734, and cases therein cited.

It is then apparent that Sterling Builders, Inc., could not have been successful in securing the appointment of a receiver for Sterling Village Market without alleging that such market was a co-partnership comprised of Sterling Builders, Inc., and Hyrum K. Ford. It accomplished not only the appointment of a receiver but a receiver's sale of the partnership assets and a confirmation of that sale and a participation in the proceeds, despite the fact that under the statute it should not, as a partner, have been permitted to participate until the general creditors had been satisfied. NRS 87.400. Under this situation we have no difficulty in holding that by initiating, prosecuting, and effectuating the results of the receivership to its own benefit it is judicially estopped from assuming here an inconsistent position and advancing the claim that it was not a partner in Sterling Village Market.

The general rule is stated in 31 C.J.S., Estoppel § 121, at 649, 650, as follows:

"Under the doctrine of judicial estoppel a party may be estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding the contrary of the assertion sought to be made. The court recognize that this doctrine applies with particular force to admissions or statements made in the pleadings under the sanction of an oath, and it has been held that the statement in the prior proceeding must have been made under oath  *  *  *. In accordance with this requirement, it is stated that under the doctrine of judicial estoppel a party who has stated on oath in former litigation, as in a pleading, a given fact as true, will not be permitted to deny that fact in subsequent litigation.

*    *    *    *    *

"It has been said that the purpose of the doctrine of judicial estoppel is to suppress fraud, and to prohibit the deliberate shifting of position to suit exigencies of each particular case that may arise concerning the subject matter in controversy; but at least in so far as this doctrine is applied to statements under oath, its distinctive feature has been said to be the expressed purpose of the court, on broad grounds of public policy, to uphold the sanctity of an oath, and to eliminate the prejudice that would result to the administration of justice if a litigant were to swear one way one time and a different way another time."

The rule as stated is amply supported by cases cited in the footnotes.

The trial court's conclusion that Sterling Builders, Inc., and Hyrum K. Ford were partners in Sterling Village Market is amply supported by the evidence. As a matter of law, the trial court was likewise correct in holding that Sterling Builders, Inc., was by its actions in the receivership proceeding judicially estopped from denying its partnership relationship. As such, it was liable for the payment of creditors' claims of Sterling Village Market.

As to the claim of appellant that respondent is estopped, by reason of the payments made to him in the receivership case, from seeking to recover judgment for balance due from appellant as a partner of Sterling Village Market, it need only be said that payments made in the receivership were not made in the bankruptcy sense so as to discharge the partners from further obligation. 45 Am.Jur., Receivers §§ 138, 342 (1943); 2 Clark, Law of Receivers §§ 610, 620 (3d ed. 1959). See also Leadville Coal Co. v. McCreery, 141 U.S. 475, 12 S.Ct. 28, 35 L.Ed. 824.

The judgment is affirmed with costs.

McNAMEE and THOMPSON, JJ., concur.