In re Jean Marie GREEN, a/k/a Jean Marie La Porte, Debtor.

Jean Marie GREEN, Plaintiff,

v.

UNITED STATES of America, ex rel, et al., Defendants.

Bankruptcy No. 80–01339P.
Adv. No. 81–0265.

United States Bankruptcy Court,
D. New Mexico.

July 20, 1981.

R. Thomas Dawe, Albuquerque, N. M., for plaintiff.

Ruth M. Silver, Asst. U.S. Atty., for United States of America.

James Nye, Albuquerque, N. M., for House of Carpets, Inc.

David F. Boyd, Jr., Albuquerque, N. M., for Color Tile.

Hunter L. Geer, Albuquerque, N. M., for Shofner Lumber Co.

M. Bruce Peele, Atty., Tax Division Dept. of Justice, Dallas, Tex., for United States of America.

Dennis Jontz, Albuquerque, N. M., for Western Bank.

Russell D. Gray, Jr., Albuquerque, N. M., for J. C. Baldridge Lumber Co.

Charles L. McElwee, Albuquerque, N. M., for Madrid Manufacturing.

## ORDER AND MEMORANDUM OPINION

LOUIS PUCCINI, Jr., Bankruptcy Judge.

The above captioned complaint having come on for hearing for trial on the merits, and the United States of America, J. C. Baldridge Lumber Company, Colortile Supermarts, Inc., House of Carpets, Inc. and Plasco, Inc., Western Bank, and Madrid Manufacturing, Inc., all being represented by their respective counsel in this matter, and the Plaintiff being represented by her respective counsel, and appearing at said trial, and it further appearing that the Defendants Ronald and Shirley Williams, having been served herein have failed to respond, and are in default, and Defendant Shofner Lumber Company, having answered herein but not appearing at the time of trial, and C. R. Lawrence Company, Inc., not having responded herein, and being in default, and it further appearing that C. R. Lawrence Company, Inc. and Virginia Mirror Corporation, Inc., having been duly served, have failed to respond herein and are in default, and the Court being otherwise fully advised, enters the following.

The Court finds the Debtor, Jean Marie Green, individually filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 11, 1980, and relief was ordered. That on or about August 27, 1976, the Debtor, at that time a single woman, purchased a home and realty in her sole and separate name. That on or about July 2, 1977, the Debtor married Harvey Green. The testimony was uncontradicted that the Debtor and her spouse remained married to the date of this hearing, although they were involved in divorce proceedings. In addition, the testimony and evidence was uncontradicted that during the term of the marriage, the respective community funds of the parties were commingled and that payments on the mortgage were made from community checking accounts. That in addition, the Debtor has admitted that during the term of her ownership of the premises, the property has increased in value from approximately $19,950.00 to $30,000.00.

Contrary to the statement listed in paragraph 3 of this complaint, the Debtor claimed exempt her interest in the residence and realty involved herein to the extent of $7,500.00, pursuant to § 522(d)(1) of the Bankruptcy Code (11 U.S.C. § 522(d)(1)). Therefore, the Debtor's equity interest in the property extends only to $7,500.00, the amount of the claimed exemption.

That during the term of the marriage, Harvey Green was involved in a separate business venture, known as New World Glass. That during the term of his operation of the business, Harvey Green incurred multiple liabilities, including business and tax debts.

Concerning the Internal Revenue tax claims, four lien claims were filed against Harvey Green on October 24, 1978, February 2, 1979, March 28, 1979, and September 24, 1979, respectively. None of the tax liens were against the Debtor.

In addition, J. C. Baldridge Lumber Company filed a judgment docket (transcript of judgment), which is a recording of a judgment entered against a debtor, as provided by New Mexico law, on December 20, 1978.

This transcript of judgment was filed against Harvey Green only. The Court is aware that certain, if not all of these claims, including the tax claims, were against Harvey Green and a partner, however the issue of the partner's liability is not relevant to this matter.

In addition, the following creditors filed transcripts of judgment against Harvey Green only, on the following dates: Shofner Lumber Company—January 31, 1979; Ronald Williams—January 7, 1980; Colortile Supermarts, Inc.—June 15, 1979; Western Bank—November 26, 1979; and Madrid Manufacturing, Inc.—February 11, 1980.

Further, House of Carpets, Inc. and Plasco, Inc. filed a transcript of judgment on June 17, 1979, which judgment was against both Harvey Green and the Debtor. This is the only transcript lien claim or other encumbrance involved in this matter naming the Debtor as Defendant.

The complaint in this matter is one to avoid or set aside the liens and to hold them null and void as to the Debtor's interest in said realty. The Court held a discharge hearing in this cause on April 24, 1981, but to date, no discharge has been entered in this matter. The Court is of the opinion that the discharge order is being prepared by the Clerk's Office and its entry is not being withheld due to any legal impediment thereto.

■ Certain of the judgment creditors have moved to dismiss this cause due to the unconstitutionality of retroactively applying the Bankruptcy Code to those lien claims which were recorded or perfected prior to the effective date of the Bankruptcy Code on October 1, 1979. The Tenth Circuit has decided this matter and has held that the Bankruptcy Code is retroactive at least up to November 6, 1978, the date the Code was signed and enacted into law, although the effective date was not until October 1, 1979. *Rodrock v. Security Industrial Park*, 642 F.2d 1193, 7 B.C.D. 344 (10th Cir. 1981). In addition, this Court has unanimously held that any lien created on November 6, 1978, or thereafter, may be avoided since any act of lawmaking is effective from the beginning of the date of the lawmaking. *Yparrea, et al., v. Roswell Production Credit Assoc., et al.*, District of NM, Cause No. 80–00899, Adv. No. 80–0401J, —— B.R. —— (July 8, 1981). Therefore, the Bankruptcy Code is retroactive and applies to all of the liens filed in this cause since all were filed after November 6, 1978.

■ Therefore, the motion for dismissal fails and § 522(f) of the Code is applicable to a judicial lien, and the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption of the Debtor. Therefore, to the extent that any of the judgment liens, the tax liens will be treated later, impair any interest of the Debtor in said realty, they are voided to the extent of the Debtor's claimed exemption, of $7,500.00 equity therein.

■ In addition, the Debtor/Plaintiff moved to set aside the judgments and judgment liens on her community interest in said realty pursuant to § 524(a)(3) of the Bankruptcy Code (11 U.S.C. § 524(a)(3)). The effect of said section is that if community property was in the estate, and community claims were discharged, it is effective against community creditors of the non-Debtor spouse as well as of the Debtor in this case. Therefore, upon entry of discharge, these provisions come into effect.

Under cases decided under the prior Bankruptcy Act, where a discharge had been entered, and a judgment claim was discharged in bankruptcy or an order of satisfaction of judgment was obtained by the Court issuing the judgment, then an order could issue from the same Court extinguishing and voiding the judgment lien. *Tillman Produce Co., Inc. v. Law*, 9 C.B.C. 293 (7th CCA, 1976). Under the old Bankruptcy Act therefore, one had to proceed back to the State Court to obtain the release of judgment lien.

■ Under the new Bankruptcy Code, it is the opinion of this Court that with the broadened jurisdiction provided under § 1471 (28 U.S.C. § 1471, § 1478), that this Court has jurisdiction to void the judgment liens itself, rather than requiring the Debtor to proceed back to the various state courts to obtain what could be inconsistent

relief. It is in keeping with the general purpose of the Bankruptcy Code that this Court serve as the forum for resolving all legal disputes and issues concerning the Debtor and its creditors. 28 U.S.C. § 1471.

■ Although as previously stated no discharge has been issued in this case, and the effects of § 524 are not yet technically applicable, the Debtor could wait until after the discharge is issued and if the case is closed at that time, which most are, the Debtor could then reopen the case, pursuant to the Bankruptcy Code. 11 U.S.C. § 350(b). However, this kind of procedure seems overly technical and requiring additional paperwork and further complicating the matter, as well as probably increasing the attorney's fees and costs. It appears to this Court that the Debtor may, in anticipation of receiving a discharge, bring the action to avoid the judgment lien provided the debt and/or the judgment underlying the lien is discharged and voided pursuant to the Bankruptcy Code (11 U.S.C. § 524(a)(1)).

■ The tax liens are not discharged in this bankruptcy proceeding (11 U.S.C. § 523(a)(1)).

In summary, the Court concludes and finds that this forum is an appropriate forum to bring this action pursuant to § 522(f) and that the liens described above, excluding the tax liens, are liens that impair the exemption of this Debtor. Therefore, pursuant to § 522(f), all of the non-tax liens are avoided to the extent that such lien impairs the exemption of the Debtor. The tax liens are unaffected by § 522(f) of the Bankruptcy Code (11 U.S.C. § 522(c)(2)(C)). Upon issuance of a discharge, all of the non-tax liens shall be voided and the Court will enter such orders as are appropriate after the entry of discharge, which will have the effect of voiding said judgment liens, including but not limited to the judgment lien of the House of Carpets, Inc. and Plasco, Inc., which was a judgment against the Debtor.

Finally, after entry of discharge, the Internal Revenue Service may enforce its non-dischargeable tax liens on said property to the extent of, and only to the extent of, Harvey Green's community interest in said realty. None of the taxes claimed were income taxes due jointly from the Debtor and Harvey Green. The exact monetary amount of the Debtor's community interest in said realty is undeterminable as no evidence was offered proving or calculating the exact dollar amount of said interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all of said liens, excluding the tax liens mentioned above, that impair the exemption of the Debtor, are hereby avoided to the extent of the Debtor's claimed exemption of $7,500.00 in said realty.

IT IS FURTHER ORDERED that upon entry of discharge, all of the judgment liens that are discharged or voided by said discharge, shall be voidable, and appropriate orders may be presented to the Court at that time.

IT IS FURTHER ORDERED that the tax liens of the Internal Revenue Service are valid liens upon the community interest of Harvey Green in said realty, but shall not extend or be enforceable against the community interest of the Debtor in said realty.