JAMES HAERTEL, a Minor, by and Through His Mother, JEAN BORREGARD, as Next Friend and JEAN BORREGARD, Individually, Appellants, v. THE SONSHINE CARPET COMPANY, CLARK COUNTY SCHOOL DISTRICT, and DOW CHEMICAL COMPANY, Respondents.

No. 16299

December 23, 1986                              730 P.2d 428

*Frank J. Cremen* and *Galatz, Earl & Catalano,* Las Vegas, for Appellants.

*Richard B. Parnell,* Las Vegas, for Respondent Sonshine Carpet Company.

*Barker, Gillock & Perry* and *Janice J. Brown,* Las Vegas, for Clark County School District.

*Rawlings, Olson & Cannon,* Las Vegas, for Respondent Dow Chemical Company.

## OPINION

*Per Curiam:*

Appellant Jean Borregard instituted this action on her own behalf and that of her son, James Haertel ("James"). She alleged that James was employed by respondent Sonshine Carpet Company ("Sonshine") as a laborer; that Sonshine had entered into a joint venture agreement with respondents Clark County School District ("the District") and Dow Chemical Company ("Dow") to remove and replace carpeting at some of the District's facilities; and that James, through a combination of instances of negligence of respondents, received serious permanent injuries. The trial court dismissed the action in its entirety. We affirm the dismissal as to Sonshine, but otherwise reverse and remand for further proceedings.

In ruling on a motion to dismiss for failure to state a claim, NRCP 12(b)(5), we must treat the allegations of the complaint as true. Hansen-Niederhauser, Inc. v. Nevada Tax Comm'n, 81 Nev. 307, 312, 402 P.2d 480, 482 (1965). James alleged that Sonshine was his employer. Sonshine demonstrated below that it was properly enrolled in the State Industrial Insurance System (the "SIIS"); thus SIIS benefits are the exclusive remedy against Sonshine. *See* NRS 616.370.

James has set forth several reasons why he feels the exclusivity provisions of our law should not apply to him. We are not persuaded. First, a minor may not, by virtue of his minority, "avoid" or disavow SIIS coverage. To the extent that coverage could in any way be called contractual, the state's contract would be with the employer rather than the employee, *see* NRS 616.1701.[1] Coverage is automatic, even for minors, *see* NRS

---

[1] This also disposes of the argument that a minor may not enter into an insurance contract without parental approval. It is the employer who is insured, against liability which might otherwise arise.

616.055, unless certain conditions not here applicable are met. NRS 616.305(1), .375.

Second, even if James was unaware of the implications of Chapter 616, his ignorance has no legal effect in releasing him from SIIS coverage. Nor is automatic coverage of minors inconsistent with laws requiring approval of a child's settlement of monetary claims; in either case the aim is protection of the child's interests, and the state may choose different methods in different contexts. Finally, assuming *arguendo* that James was employed "unlawfully," he still would be covered under the SIIS. *See* NRS 616.005.

However, if we take the assertion of the existence of a joint venture as true, it is clear that James may bring an action against the District and Dow. Principles of law regarding general partnerships apply to joint ventures, Sterling Builders, Inc. v. Fuhrman, 80 Nev. 543, 547 n. 2, 396 P.2d 850, 853 n. 2 (1954). Under Nevada partnership law, each partner is jointly and severally liable for personal injury caused by any partner's wrongful act or omission in the ordinary course of partnership business, or done with the authority of the other partners. NRS 87.130, .150. James has asserted a claim which appears to fit squarely within these provisions. Chapter 616 offers nothing to the contrary; the Legislature has provided for shared liability but not for shared immunity. *See* NRS 616.270, .560.

The district court's order of dismissal is affirmed as to Sonshine and reversed as to the other respondents, and the cause is remanded.