PATHLAND DEVELOPMENT CORP., A CANADIAN CORPORATION, APPELLANT, v. THE WILLIAM PECCOLE 1982 TRUST; WILLIAM PECCOLE, TRUSTEE THEREOF, RESPONDENT.

No. 24564

July 7, 1994                           877 P.2d 1036

*Dickerson, Dickerson, Lieberman & Consul* and *Douglass A. Mitchell,* Las Vegas, for Appellant.

*Raleigh, Hunt & McGarry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment for respondent. For reasons stated below, we hold that summary judgment was improper and accordingly reverse and remand this case to the district court.

## FACTS

In 1992, respondent the William Peccole 1982 Trust, William Peccole, trustee ("Peccole") entered into an agreement with Pacific Land Corporation ("Pacific") to sell Pacific sixty-two acres of land in Clark County. At that time, the land was zoned for commercial use. The agreement provided that Peccole would assist Pacific in obtaining a zone change to residential use in order for Pacific to construct homes on the land. The agreement also provided that Peccole would not act in such a way as to interfere with Pacific's ability to develop the property with residential housing. Finally, the agreement provided for cancellation of escrow by the escrow holder if the conditions of the agreement could not be met and notification had been received from the buyer. The escrow holder was National Title.

On April 24, 1992, with Peccole's consent and notice to National Title, Pacific assigned all its interests in the agreement to "a joint venture between" appellant Pathland Development Corporation ("Pathland") and Southwest Homes, Inc. ("Southwest"). The same person, David Stoddart, was president of both Pacific and Southwest. On the same day, Pathland and Southwest agreed to form a joint venture to be known as Vista Durango for the purpose of developing 520 residential units on the property. According to the joint venture agreement, until closing, Pathland held an undivided sixty percent interest and Southwest an undivided forty percent interest in the agreement. James Penturn, Pathland's president, stated in his affidavit that under the Vista Durango agreement, the interest in the sales agreement was jointly held by Pathland and Southwest as tenants in common independent of Vista Durango.

Initially, Peccole assisted Pathland and Southwest in their attempt to obtain a zone reclassification. However, Peccole soon began to refuse to cooperate. Peccole publicly stated that he was opposed to the Vista Durango project. In addition, Peccole refused to amend the agreement to extend the time during which Pathland and Southwest could obtain a zone change. This had the effect of making it impossible for Pathland and Southwest to obtain the necessary resolution of intent.

Later, when Peccole refused to sell the land to Southwest and Pathland, Southwest filed an action for breach of contract and specific performance. Pathland ratified the lawsuit and later, by stipulation, joined as plaintiff.

Meanwhile, approximately one month later on October 1, 1992, Southwest, Pacific and Peccole instructed National Title to cancel escrow and refund the deposit. Pathland received no prior notice of the cancellation. On the basis of the cancellation, Peccole moved for summary judgment.

The district court granted summary judgment for Peccole finding the following: (1) escrow had been cancelled by "plaintiffs" (referring to both Pathland and Southwest); (2) Peccole was entitled to rely on the cancellation; (3) the agreement provided that it terminated upon the cancellation of escrow; (4) the parties, by the terms of the agreement, had no further liability to each other; (5) the suit commenced by Southwest and Pathland was based solely on the agreement; and (6) there was no issue of material fact remaining in dispute.

Pathland appeals, contending that the district court erred in granting summary judgment when issues of fact remain in dispute. We agree and reverse the decision of the district court.

## DISCUSSION

Summary judgment is appropriate when, after a review of the record in the light most favorable to the non-moving party, there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Norwest Financial v. Lawver, 109 Nev. 242, 244, 849 P.2d 324, 325 (1993). On appeal, this court must determine whether the trial court erred in concluding that summary judgment was proper because of an absence of genuine issues of material fact. *Id.* This court reviews orders granting summary judgment *de novo*. Walker v. American Bankers Ins., 108 Nev. 533, 836 P.2d 59 (1992).

We note first that the sales agreement provided for cancellation of escrow upon notice from the buyer. Following the assignment, Pathland was the buyer along with Southwest. However, escrow was cancelled by Southwest only, with no prior notice to Pathland. The validity of the cancellation raises the issue of Southwest's authority to act in such a way without notice to Pathland.

Pathland argues that it held a sixty percent undivided interest in the agreement as a tenant in common with Southwest. It is a long held premise in this state that absent an agency relationship, the actions of one tenant in common bind only that tenant's fractional share and not the fractional share of the cotenant. *See* Chase v. The Savage Silver Mining Co., 2 Nev. 9, 14 (1866); *see also* 4A Richard R. Powell & Patrick J. Rohan, Powell on Real Property § 606(3) (1993). Therefore, Southwest's actions could only bind Pathland if Southwest stood in an agency relationship to Pathland. However, the record does not indicate the exact nature of the relationship between Pathland and Southwest. Hence, the

relationship between Pathland and Southwest is a question for the trier of fact and is not proper for summary judgment.

Another issue of fact remains as to whether a joint venture relationship existed between Pathland and Southwest. Peccole argues that under fundamental principles of joint venture law, Southwest's acts, as a coventurer, are vicariously charged to Pathland.

We have held that the principles of law applying to general partnerships also apply to joint ventures. Haertel v. Sonshine Carpet Co., 102 Nev. 614, 616, 730 P.2d 428, 429 (1986). NRS 87.090 provides that every partner is an agent of the partnership and all actions of a partner bind the partnership unless the partner had no authority to act in such a way. However, this statute also provides that an act of a partner "which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners." NRS 87.090(2). Further, the sale of all or substantially all of the property of a partnership may only be sold with the prior consent of the partners. NRS 87.090(5)(b).

Questions of fact remain as to whether a joint venture existed between Pathland and Southwest. In addition, it is not clear whether Southwest had the authority to cancel escrow without the consent of its coventurer Pathland, if indeed a joint venture existed. Cancelling escrow appears to have had the effect of disposing of all or substantially all joint venture property, an act which required the prior consent of all coventurers under NRS 87.090(5)(b). The record does not indicate whether such consent was obtained. Consequently, these are issues for the trier of fact and are not proper for summary adjudication.

Having noted that issues of fact remain in dispute, thus making summary judgment improper, we do not address appellant's and respondent's additional arguments. We hereby reverse the decision of the district court and remand this case for further proceedings.[1]

----

[1]The Honorable Thomas L. Steffen, Justice, voluntarily recused himself from participation in the decision of this appeal.