An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ZENDA MARIE SHEPHERD,
Appellant,
vs.
GENE EDMOND SCOTT,
Respondent.

No. 60936

**FILED**

NOV 0 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying declaratory relief concerning respondent's paternity of the minor child. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

Appellant filed the underlying action seeking a declaration that respondent is not the natural father of the parties' minor child. When the child was born to appellant's sister, respondent was listed as the father on the child's birth certificate. Thereafter, appellant filed a petition in the Nevada district court to adopt the child with her sister's consent and stated in the petition that respondent was the child's natural father. When the child was eight years old, the parties were divorced in California, and according to appellant, custody of the child was established in those proceedings. When the child was almost ten years old, appellant filed the underlying complaint for declaratory relief, seeking a declaration that respondent is not the child's natural father. The district court denied that request on the basis that appellant was barred from seeking such relief by the doctrine of judicial estoppel. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36291

Having considered appellant's opening brief and the record on appeal, we conclude that the district court properly denied appellant's request for declaratory relief.[1] *See Nevadans for Nev. v. Beers*, 122 Nev. 930, 942, 142 P.3d 339, 347 (2006) (explaining that this court reviews de novo a district court's order denying declaratory relief when there are no factual disputes). The judicial estoppel doctrine generally applies when four factors are met: (1) a party has taken two inconsistent positions, (2) the party asserted those positions in judicial or quasi-judicial proceedings, (3) the party successfully asserted the first position, and (4) "the first position was not taken as a result of ignorance, fraud, or mistake." *NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (internal quotation marks omitted). Not all factors must be met in order to successfully apply the doctrine. *See Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004).

Appellant represented in her petition to adopt the child that respondent was the child's natural father and then requested to adopt the child as respondent's wife. Appellant did not assert below or on appeal that her representation regarding respondent's paternity in the adoption petition was a result of her ignorance, a fraud upon her, or her mistake. The evidence presented below established that the parties chose to hold respondent out as the child's natural father despite their knowledge that

---

[1]Because respondent failed to serve his response brief, as directed in this court's March 24, 2014, order, we direct the clerk of this court to strike the proper person response filed on October 17, 2013.

he was not the child's natural father, in an effort to expedite the adoption proceedings, and thus, the doctrine of judicial estoppel is applicable here. *See Sterling Builders, Inc. v. Fuhrman*, 80 Nev. 543, 550, 396 P.2d 850, 854 (1964) (providing that the purpose of the doctrine "is to suppress fraud, and to prohibit the deliberate shifting of position to suit exigencies of each particular case that may arise" (internal quotation omitted)). While our dissenting colleague concludes that judicial estoppel was wrongly applied because respondent's paternity was not litigated in the adoption proceeding, Nevada authority clearly provides that once a party asserts that a fact is true in a pleading, the party is barred from denying the same fact in a subsequent proceeding. *See Vaile v. Eighth Judicial Dist. Court*, 118 Nev. 262, 273, 44 P.3d 506, 514 (2002); *see also Sterling Builders*, 80 Nev. at 549, 396 P.2d at 854 (recognizing that a party is estopped from maintaining a position, if the party has alleged a contrary position in his or her pleadings in a former proceeding). Moreover, respondent's paternity was a significant fact in the adoption proceeding because by asserting that respondent was the child's natural father, appellant did not have to obtain consent for the adoption from the child's true natural father. *See* NRS 127.040(1) (requiring consent to adopt from both parents). Thus, as the factors for the application of the judicial estoppel doctrine are present here, we conclude that the district court properly concluded that appellant's request for declaratory relief was barred by judicial estoppel. *See NOLM*, 120 Nev. at 743, 100 P.3d at 663

(providing that "[w]hether judicial estoppel applies is a question of law subject to de novo review"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
        Willick Law Group
        Gene Edmond Scott
        Eighth District Court Clerk

---

[2]We further conclude that while the child should have been properly made a party to the action under NRS 126.101(1) (2007), the district court's failure to require the joinder of the child was harmless error as the 2013 amendment of NRS 126.101(1) no longer requires such joinder and the doctrine of judicial estoppel was properly applied to bar appellant's requested relief.

PICKERING, J., dissenting:

I would vacate the district court's order denying appellant's request for declaratory relief because the child was not properly made a party and because the doctrine of judicial estoppel does not apply where, as here, the prior inconsistent position was a matter of assumption that was neither debated by the parties nor decided by the court.

As an initial matter, when the underlying complaint for declaratory relief was filed, the child was, by statute, required to be made a party to an action to determine paternity and to be represented in such an action by a guardian other than the child's mother or father. NRS 126.101(1) (2007) (providing that the child must be made a party to an action to determine paternity, and if no general guardian other than the child's parents is available to represent the child, the appointment of a guardian ad litem is required); *see also Schwob v. Hemsath*, 98 Nev. 293, 294, 646 P.2d 1212, 1212 (1982) (explaining that the "[f]ailure to join an indispensable party is fatal to a judgment and may be raised by an appellate court sua sponte"); *St. Mary v. Damon*, 129 Nev. ___, ___ n.4, 309 P.3d 1027, 1036 n.4 (2013) (recognizing that a child may need to be joined as a party in an action to determine parentage under NRS 126.101(1)). Although the underlying complaint named the child, he was not a party to the action because he was never served with process, *see Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) (explaining that to qualify as a party, a person must have been named and served), and no guardian ad litem was appointed to represent him. True, after the entry of the district court's order, NRS 126.101(1) was amended to give the district court discretion as to whether the child should be joined

as a party and a guardian ad litem appointed, but even so, the matter of parentage is important enough that the district court should at least consider joinder and appointment of someone to evaluate and, if appropriate, advocate the position of the child. NRS 126.101(1) (amended 2013). Because the underlying action requested a declaration as to paternity, I would vacate the district court's order and remand this matter for the district court to consider and decide these issues.

I would also reverse the district court's application of judicial estoppel in this matter. *See NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (providing that "[w]hether judicial estoppel applies is a question of law subject to de novo review"). The doctrine of judicial estoppel should be sparingly applied, *see Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004), only in cases where a party has taken two inconsistent positions in judicial or quasi-judicial proceedings, *the party successfully asserted the first position*, and the party did not take the first position as a result of ignorance, fraud, or mistake. *NOLM*, 120 Nev. at 743, 100 P.3d at 663. In this case, whether the respondent was the child's biological father was neither contested nor resolved in the proceeding to allow the appellant to adopt the child. *See generally Mainor*, 120 Nev. at 766, 101 P.3d at 319 (deeming judicial estoppel inapplicable because the party had not successfully asserted an inconsistent position in a prior proceeding as the district court's approval of a settlement agreement did not amount to a judicial endorsement of the party's position); *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996) (concluding that the application of judicial estoppel would be inappropriate when a party has not successfully asserted a previous position). And because the issue of whether respondent was the child's

natural father was not litigated in the adoption proceeding, resort to judicial estoppel to resolve the case is inappropriate. *See Bank of Amer. Nat'l Trust & Savings Ass'n v. Maricopa Cnty.*, 993 P.2d 1137, 1140 (Ariz. Ct. App. 1999) (providing that in order for a party to have succeeded on asserting the prior position in the initial proceeding, that position must have been a significant point in that proceeding); *see also Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982) (explaining that a party's assertion of an earlier legally irrelevant position does not warrant the application of judicial estoppel).

For these reasons, I would vacate the district court's order and remand for proceedings to consider whether the child should be properly joined and then to decide the matter on a basis other than judicial estoppel.

_____Pickering_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A